(No. 42227.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
HOWARD V. BROOKS, Appellant.

*Opinion filed November 26, 1969.*

FREDERICK P. ERICKSON, of BURGER, GEISLER & FOM-
BELLE, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and BASIL G. GREANIAS, State's Attorney, of Decatur,
(FRED G. LEACH, Assistant Attorney General, and LAW-
RENCE R. FICHTER, Assistant State's Attorney, of counsel,)
for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On January 18, 1966, the defendant was charged with
burglary in an information in the circuit court of Macon
County. At his arraignment on January 20, 1966, defend-
ant, with appointed counsel present, waived his right to
prosecution by indictment and entered a plea of guilty. On
February 17, 1966, the defendant was placed on probation
for two years. The probation was terminated on September
22, 1967, by the court and the defendant was sentenced to
the Illinois State Penitentiary for an indefinite term of from
one to ten years. On February 10, 1969, defendant filed a
petition pursuant to the Post-Conviction Hearing Act. (Ill.

Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) The State filed a motion to dismiss. On April 15, 1969, the court allowed the motion. Defendant appeals.

The defendant now contends that at the time of his January 20, 1966, arraignment he was not fully informed of his right to an indictment. Therefore, the defendant argues, his right to prosecution by indictment was not knowingly and intelligently waived.

At the arraignment his appointed counsel stated that after discussing the case with defendant "we requested the State's Attorney to file this information." The information was read to defendant. Then the following statements were made:

> "THE COURT: All right, then the next thing we take up is to be sure the defendant is aware of his right to have presentment to the grand jury and to have prosecution by indictment rather than by information as filed here.
>
> Mr. Brooks, I know that Mr. Fuller has discussed this and other matters with you before now, but I want to go over it here and be sure that you know what is going on and what your rights are and what this procedure is about.
>
> You are charged with a felony and on conviction you could be sentenced to the penitentiary for an indeterminate term of not less than one year. The Statute does not fix a maximum for this period, so it could be any number of years as the maximum. You have, as every other person so charged has, an absolute right to have this presented to the grand jury for the grand jury's determination as to whether or not the crime of burglary has been committed and whether there is cause to charge you with that crime. The grand jury was just in session last week and is not now scheduled to reconvene at any time in the near future, but if you want this presented to the grand jury they could be called back

and there will be another grand jury in a few months in session. After hearing the People's evidence it could be that the grand jury would return a no true bill and thereby indicate that they felt that there was no such offense committed or no reason to charge you with that offense, and if that happened then normally the prosecution would be dropped. On the other hand, the grand jury could and might return an indictment and then we would proceed with that indictment charging you with this crime, with this offense.

Sometimes it is to the advantage of a defendant to waive presentment to the grand jury because he can be heard sooner, he may have his case decided earlier by waiving, and he may say, 'I would rather proceed with an information rather than waiting for grand jury action.' By waiving presentment to the grand jury he loses his chance of a no true bill. You have discussed this with Mr. Fuller, I am sure, and I assume that you are here this morning ready to say what you want in this cause, and do you want this presented to the grand jury?

DEFENDANT: No sir.

THE COURT: You are willing to waive, right?

DEFENDANT: Yes sir.

THE COURT: Do you have any questions about that?

DEFENDANT: No sir.

THE COURT: What we are talking about?

DEFENDANT: No."

Following this, Mr. Fuller, defendant's counsel, read the waiver of presentment to grand jury to defendant and defendant signed said waiver.

Defendant further contends that the admonition was improper in that it was unduly suggestive of a waiver. Without passing on whether or not this is a valid objection, at least it did not occur here. The court presented both sides of the question. The main advantage of a waiver to the defendant is that the procedure takes less time; the main right

38

he surrenders is the possibility that the grand jury would fail to indict. Both of these matters were covered by the court.

Since the allegations of defendant's petition are directly contradicted by the record it was properly dismissed on motion.

*Judgment affirmed.*