THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES MICHAEL AVERY, Defendant-Appellant.

(No. 73-23;

Fifth District—February 5, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Richard E. Cunningham, Assistant Appellate Defender, of counsel), for appellant.

Howard L. Hood, State's Attorney, of Murphysboro, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant pleaded guilty in the Circuit Court of Jackson County to illegal possession of a controlled substance containing heroin, and he was sentenced to the penitentiary for a term of not less than two nor more than four years. In this appeal he questions the sufficiency of the information to which he pleaded, and also the sufficiency of the trial court's compliance with Supreme Court Rules 401 and 402 (Ill. Rev. Stat. 1971, ch. 110A, secs. 401, 402).

The information charged that "\* \* \* Michael Avery committed the offense of Illegal Possession of a Controlled Substance \* \* \* in that he knowingly had under his control and possession a controlled substance, to-wit: 1 gram of a substance containing heroin, *otherwise as authorized* in the Controlled Substance Act \* \* \*". (Emphasis added.)

Defendant contends that the use of the words "otherwise as authorized" instead of the words "otherwise *than* as authorized" constitutes a fatal defect. He argues that as written the information not only fails to charge a crime but actually states that defendant's possession of heroin was authorized; and that the missing word cannot be supplied nor can the omission be remedied by speculation as to what the writer intended when he drafted the information.

■■ In *People v. Parr*, 130 Ill.App.2d 212, a criminal complaint was held sufficient even though the offense of reckless driving was alleged to have been committed "with legal justification" instead of "without legal justification". The court stated that the miswriting of the term "with" instead of "without" constituted a formal defect, whether the error was considered a typographical or a clerical oversight, and that the defendant could not have been misled thereby as to the nature of the charge against him. We agree with this reasoning and find here that the information, when read as a whole, is sufficient in itself to charge an offense under the Controlled Substances Act, and there is no need to supply any words, nor to speculate what was intended to be written. The words "otherwise as authorized" constitute mere surplusage re-

sulting in a mistake of form rather than substance, and, as such, the mistake cannot be considered as violative of defendant's constitutional right to be apprised of the nature of the charge against him.

■■ Next we proceed to a discussion of defendant's contentions relative to Supreme Court Rules 401 and 402. Rule 401 requires, among other things, that before an accused is permitted to waive an indictment the trial court must address him personally in open court and must inform him, and determine that he understands, that he has a right to have the matter heard by a grand jury and that, in the absence of his waiver, he cannot be prosecuted unless the grand jury returns an indictment against him. Rule 402 likewise requires the same personal inquiry to inform and determine that defendant understands his right to plead not guilty and his right to a jury trial, and that by pleading guilty he is waiving such rights. The purpose of such inquiry is to assure that defendant's decision is an informed decision, understandably made, and thereby truly voluntary. *People v. Billops,* 16 Ill.App.3d 892; *People v. Hudson,* 7 Ill.App.3d 800.

■■ In the cause before us the State contends that the trial court substantially complied with these requirements, but a review of the record reveals otherwise. The court did ask the defendant if he understood that he had a right to be indicted by a grand jury and defendant replied that he did. He was then asked, "What is your wish?" Defendant answered, "I wish to waive a jury and a bench trial". This answer in itself indicates that defendant was confused and that his understanding was doubtful. But the court made no further effort to enlighten him as to the difference in function of a grand jury and a petit jury. Nor did the court endeavor to explain that by waiving his right to have the matter considered by the grand jury he was giving up the possibility that it might not return an indictment against him. As stated in *People v. Brooks,* 44 Ill.2d 35, this is the main right surrendered when a defendant waives consideration by a grand jury. Under such circumstances we find the court's inquiry was insufficient to comply with the rule and that such insufficiency constitutes reversible error in itself.

■■ However, there were further insufficiencies. Under Rule 402(a)(3) the court is required to inform defendant of and to determine that he understands his right to plead not guilty. The only reference to this right in the record is the court's statement, "First, I wish to advise you that if I do not accept this negotiated plea, I will withdraw as judge and you may withdraw your guilty plea." Not only did the court fail to inquire of defendant how he wished to plead, but it was assumed that he had already pleaded guilty and then conditioned a withdrawal of

that assumed plea upon the court's refusal to accept it. This we do not consider to be in compliance with the rule.

■■ In addition, the court made no specific explanation to defendant relative to his right to a jury trial as required by subsection (a)(4) of Rule 402. Instead he presented defendant with a written form waiving a jury and pleading guilty, and, upon its return to him, merely inquired of defendant if the instrument contained his signature. Such procedure is improper and cannot be substituted for, nor can it be considered as a substantial compliance with the requirements of the rule. *People v. Carle*, 8 Ill.App.3d 56; *People v. Cummings*, 7 Ill.App.3d 306.

For the reasons stated the judgment of the Circuit Court of Jackson County is reversed and remanded with directions that defendant be permitted to plead anew.

Reversed and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.