THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGEL FERNANDEZ, Defendant-Appellant.

First District (3rd Division)   No. 1—89—3287

Opinion filed December 30, 1992.

Feldman & Halprin, of Chicago (Judith A. Halprin, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William P. Pistorius, and Steven M. Mondry, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Defendant Angel Fernandez was charged with delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2)). After a jury trial, defendant was found guilty and sentenced to 10 years' imprisonment. It is from the judgment of conviction that defendant appeals to this court.

On appeal, defendant contends that: (1) the trial court erred by failing to properly instruct the jury as to the elements of the offense in view of the entrapment defense; (2) his constitutional right to due process was violated by admission into evidence of recorded conversations, permissible under Federal law, but prohibited under Illinois law, while declining to follow Federal law at sentencing; (3) the trial court erred in granting the State's motion *in limine* precluding from evidence, as to the issue of entrapment, the fact that defendant had no record of criminal convictions or arrests; (4) the prosecutor made impermissible and prejudicial remarks in closing argument, thereby tainting the jury; and (5) the State failed to establish a sufficient chain of evidence with regard to the cocaine admitted into evidence. We reverse and remand for a new trial.

We first turn to defendant's argument that the trial court erred by failing to properly instruct the jury as to the elements of the offense in view of the entrapment defense. Two pattern jury instructions could have been given by the trial court, Illinois Pattern Jury Instructions, Criminal, Nos. 24—25.04, 24—25.04A (2d ed. 1981) (hereinafter cited as IPI Criminal 2d).

In the case *sub judice*, the trial court tendered IPI Criminal 2d No. 24—25.04 to the jury; however, it failed to also include IPI Crimi-

nal 2d No. 24—25.04A, the companion instruction. Thus, defendant argues that the jury, while informed of the definition of entrapment by IPI Criminal 2d No. 24—25.04, was not informed of the State's burden to prove, in addition to the elements of delivery of a controlled substance, that the defendant was not entrapped and, therefore, the trial court committed plain error requiring reversal of his conviction. We agree.

■ Section 3—2(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 3—2(b)) provides that if a defendant raises an affirmative defense, such as entrapment, "then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue *together* with all the other elements of the offense." (Emphasis added.)

■ As the defendant did not deny being involved in the transaction involved in this case, the principal issue becomes whether the defendant had been entrapped. Yet, the jury was not informed that the State had the burden of proving beyond reasonable doubt, not only the elements of delivery of a controlled substance, but also that defendant was not entrapped. (See *People v. Pegram* (1988), 124 Ill. 2d 166, 529 N.E.2d 506.) Thus, the trial court removed from consideration by the jury a disputed issue essential to the determination of defendant's guilt or innocence. Accordingly, we judge that the failure to properly instruct the jury was reversible error.

In light of the foregoing, defendant's conviction for delivery of a controlled substance is vacated and this cause is remanded for a new trial. Having determined that defendant is entitled to a new trial, we therefore need not address his other contentions.

Reversed and remanded.

RIZZI and CERDA, JJ., concur.