THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARBARA JONES, Defendant-Appellant.

Second District   No. 2—91—0916

Opinion filed June 7, 1993.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, and Sherry R. Silvern, of Aurora, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and James W. Ackerman, of Ackerman Law Office, of Springfield (William L. Browers and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

A Du Page County grand jury indicted the defendant, Barbara Jones, for retail theft and obstructing justice. Following a bench trial, the court convicted Jones of retail theft. The court subsequently denied Jones' motion for a new trial, and it sentenced her to a term of imprisonment of three years.

Jones contends that the trial court erred in convicting her of retail theft because: (1) the indictment alleged that Jones conveyed a comforter to a merchant in exchange for currency, but the evidence at trial established that Jones received a refund slip, not currency, in exchange for the property; (2) the State's failure to disclose Jones' alleged statements to a store clerk violated Supreme Court Rule 412(a)(ii) (134 Ill. 2d R. 412(a)(ii)); and (3) the State failed to lay a proper foundation for the introduction of the comforter into evidence. We affirm the trial court.

Jones testified at trial that when she entered the Carson, Pirie, Scott and Company (Carson's) at Yorktown in Lombard, Illinois, on November 26, 1989, she had a comforter set in her possession. Jones stated that the comforter set was a gift from her aunt, Emma James, and that there was a gift sticker inside the plastic on top of the set. However, according to salesclerk Jan Benda's testimony, Jones told Benda that her name was Mrs. James and that she wanted to return a comforter set. Benda looked at the comforter set, then began to fill out a cash refund form for $299.60. Benda asked Jones for a driver's license, and Jones presented the driver's license of Emma James. Benda wrote down the name, address and license number. She then

returned the license to Jones, who signed the name "Emma James" to the refund slip. Benda told her manager, Dawn Hershberger, that she had a return from another store with no receipt. Hershberger signed the refund slip.

Lane Hoover and Christine Raft, who were security guards for Carson's, also testified that they saw Jones pick up the comforter from a display of merchandise that was offered for sale. Jones then set the comforter near a cash register and walked around the store for a few minutes. When Jones returned to the register, she picked up the comforter and presented it to Benda for a refund. Hoover and Raft subsequently escorted Jones to a security office. After the arrival of a police officer, Jones was taken into custody.

Following a bench trial, Jones was convicted of retail theft. The trial court denied Jones' motion for a new trial and sentenced her to a term of three years' imprisonment upon the conviction. Jones appeals her conviction.

■ Jones' first argument is that the State's proof at trial did not conform to the charge in the indictment. The indictment alleged that Jones committed retail theft on November 26, 1989, in that:

> "said defendant knowingly falsely represented to Janice L. Benda, an employee of Carson, Pirie, Scott & Company, 230 Yorktown, Lombard, Du Page County, Illinois, that she, the defendant, was the lawful owner of a comforter with the full retail value in excess of $150.00, and conveyed the comforter to said employee of Carson Pirie Scott, who was in fact the lawful owner of such comforter, in exchange for $299.60 United States currency, in violation of Illinois Revised Statutes 1987, Chapter 38, Section 16A—3(f)."

Jones contends that the State's evidence established only that she conveyed a comforter set in exchange for a refund slip, not currency, and therefore her conviction should be reversed.

The State argues that Jones waived the issue of the variance between the indictment and proof because she did not object to the indictment before trial or in her post-trial motion. We reject the waiver argument. A challenge to the sufficiency of the charging instrument may be raised for the first time on review. *People v. Vaughn* (1985), 136 Ill. App. 3d 342, 345.

Jones argues that this case is like *People v. Daniels* (1979), 75 Ill. App. 3d 35. There, the indictment returned by the grand jury against the defendants charged that they " 'by the use of force and while armed with a dangerous weapon, took an amount of United States Currency (the exact amount of which is unknown to said Grand Ju-

rors) from the person and presence of Michael Coleman.' " (*Daniels*, 75 Ill. App. 3d at 40.) At trial, though, the only proof offered in connection with the robbery concerned the taking of a watch. The court held that "[i]n a criminal trial, it is the burden of the prosecution to prove beyond a reasonable doubt all material facts of the offense as charged by the indictment. [Citations.] By utterly failing to introduce proof to conform to the charge in the indictment, the State failed in its burden of proof at trial." *People v. Daniels*, 75 Ill. App. 3d at 40.

However, a variance between the crime charged and the crime proved is not fatal to the conviction unless the variance is material and it misleads the accused in making her defense or exposes her to double jeopardy. (*People v. Borst* (1987), 162 Ill. App. 3d 830, 834.) Unlike *People v. Daniels*, the variance between the charge that Jones exchanged a comforter for currency, and the proof that she in fact received a refund slip, is not so material as to necessitate a new trial. Benda testified that she told Jones that the cash refund slip can be used like cash in any of Carson's stores or it can be cashed in for a full refund. Under these circumstances, we fail to see how Jones would have prepared her defense any differently had the indictment stated that she had exchanged the comforter for a cash refund slip instead of currency.

Further, Jones' theory of defense at trial was that the comforter set was a gift and that she had it with her when she entered Carson's. Thus, Jones disputed the State's argument that she was not the lawful owner of the property. Jones' defense had nothing to do with whether she received a refund slip or currency in exchange for the comforter set. We conclude that Jones was not misled in preparing her defense.

Nor was Jones exposed to the possibility of double jeopardy. The indictment names the offense, the place and the date. If any future prosecution were attempted, prior prosecution on the same facts may be proved by resort to the record. *People v. Johnson* (1976), 65 Ill. 2d 332, 339.

■ Jones's next argument is that the trial court erred in admitting Benda's testimony that Jones identified herself as Mrs. James. Jones contends that the State's failure to disclose this statement violated Supreme Court Rule 412(a)(ii). (134 Ill. 2d R. 412(a)(ii).) That rule provides that the State shall disclose to defense counsel:

"[A]ny written or recorded statements and the substance of any oral statements made by the accused or by a codefendant, and a list of witnesses to the making and acknowledgment of such statements." 134 Ill. 2d R. 412(a)(ii).

The State contends that it complied with Rule 412(a)(ii) by disclosing that it intended to call Benda as a witness at trial. The purpose of Rule 412(a)(ii) is to protect a defendant from surprise and inadequate preparation at trial by allowing defense counsel to investigate the circumstances surrounding any statements. (*People v. Siefke* (1990), 195 Ill. App. 3d 135, 140.) Compliance with the rule is mandatory and requires the State to disclose all statements known to it, even if the statements were not actually reduced to writing. (*People v. Siefke*, 195 Ill. App. 3d at 140-41.) The State's failure to disclose Jones' statement to Benda violated Rule 412(a)(ii).

However, a new trial should only be granted when the discovery violation prejudiced the defendant and the trial court failed to eliminate the prejudice. (*People v. Siefke*, 195 Ill. App. 3d at 142.) Jones claims that the State's failure to comply with Rule 412(a)(ii) was prejudicial. In a prosecution for retail theft, one element which the State must prove is that the accused falsely represented to a merchant that she was the owner of property. (Ill. Rev. Stat. 1987, ch. 38, par. 16A–3(f).) Jones claims that her alleged statement identifying herself as Mrs. James went directly to the element of false representation and was the only evidence that Jones so identified herself before obtaining the refund slip.

We do not agree that the admission of Jones' statement to Benda is so prejudicial as to necessitate a new trial. Lane Hoover and Christine Raft, the two security guards at Carson's, testified that they saw Jones pick up the comforter from a display of merchandise offered for sale. Hoover testified that Jones presented the comforter for a cash refund. Jones testified that she presented Emma James' driver's license as identification and signed the refund slip with the name "Emma James." Jones also testified that she never told Benda that her name was actually Barbara Jones or that she was just putting down her aunt's name. Thus, even without Jones' statement identifying herself as Mrs. James, the evidence was sufficient to establish that she falsely represented herself to be the owner of the comforter.

Jones claims that the prejudicial effect of the statement was compounded when the trial court sustained the State's hearsay objection to her testimony that another salesclerk told her to ask for Benda. However, Jones provides no indication how the prejudicial effect was so compounded. Further, the court did not err in sustaining the hearsay objection, as Jones' testimony about the salesclerk's out-of-court statement was offered for the truth of the matter asserted. *In re T.D.* (1983), 115 Ill. App. 3d 872, 875.

██ Jones' final argument is that the trial court erred in admitting the comforter set into evidence because the State did not lay a proper foundation authenticating the set. However, Jones did not object to the admission of the comforter set at trial. In order to preserve a question for review, there must be both an objection to the evidence at trial and a written post-trial motion raising the question of the objected-to evidence. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186.) Jones' failure to object at trial to the admission of the comforter set results in a waiver of that issue on appeal.

For the foregoing reasons, we affirm the trial court.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.