THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EMERSON BROOKS, Defendant-Appellant.

Fourth District   No. 4—93—0654

Argued January 25, 1995.—Opinion filed March 31, 1995.

Daniel D. Yuhas, Gary R. Peterson, and John M. McCarthy (argued), all of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On May 18, 1993, after a trial by jury, the circuit court of Champaign County entered judgment on a verdict finding defendant Emerson Brooks guilty of a violation of section 407(b) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1991, ch. 56½, par. 1407(b)). Defendant was indicted on January 7, 1993. The count upon which he was convicted charged him with knowingly delivering to a trooper less than one gram of a substance containing cocaine when not authorized by the Act to do so and with the transaction taking place on a public way within 1,000 feet of real estate "comprising any school or residential property owned, operated and managed by a public housing agency." (Ill. Rev. Stat. 1991, ch. 56½, par. 1407(b).) On July 1, 1993, the court sentenced defendant to 10 years' imprisonment. Defendant has appealed. We affirm.

At all times pertinent, section 401(d) of the Act has provided that if an unauthorized delivery of less than one gram of a substance containing cocaine is "knowingly" made, a Class 2 felony is committed. (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(d).) Section 407(b)(2) of the Act then enhances the classification of a section 401(d) offense to a Class 1 felony if the violation occurred "on any public way within 1,000 feet of the real property comprising any school or residential property owned, operated and managed by a public housing agency." (Ill. Rev. Stat. 1991, ch. 56½, par. 1407(b)(2).) This case turns upon the question of whether defendant had to know that he was making a delivery within 1,000 feet of the described public housing authority property. We hold that he does not have to have had that knowledge. Accordingly, we affirm.

The facts are basically undisputed. On October 8, 1992, Ronald McDonald, an undercover police officer, purchased cocaine from defendant on a public way in front of 108 East Bellfontaine Street in Champaign, which is in a residential neighborhood. That property is between 300 feet and 600 feet from residences at 108 and 110 East Roper Street in Champaign. Those resident houses appear to be normal residences but are owned by the Champaign County Housing Authority and used as "scattered site" homes which were then undergoing renovations.

In several ways, defendant raises the issue of whether he was required to know of the existence of public housing authority residential property within the 1,000-foot area in order for the enhancing provision of section 407(b)(2) of the Act to take effect. First, he contends that the lack of a *scienter* requirement in section 407(b)(2) of the Act would deprive him of his constitutional right to due process and the court's refusal to allow evidence that he had no knowledge of the existence of public housing authority property within 1,000 feet of the place of delivery deprived him of his sixth amendment right to present a defense. He then also argues that the circuit court's determination that no such knowledge by defendant was necessary caused reversible error in the circuit court's rulings (1) denying his motions to dismiss the indictment and for a directed verdict; (2) denying defendant's offers of proof of a lack of knowledge by defendant; and (3) on ruling on instructions.

The Supreme Court of Illinois has held that a person is not deprived of due process when convicted of an offense which does not require *scienter* in regard to an important element of the offense. In *People v. Brown* (1983), 98 Ill. 2d 374, 457 N.E.2d 6, the supreme court upheld section 4—102(a)(4) of the Illinois Vehicle Code, which made the possession of an automobile with a removed and falsified vehicle identification number (VIN) a crime. (Ill. Rev. Stat. 1981, ch. 95$^1$/$_2$, par. 4—102(a)(4).) A contention was made that the lack of a requirement that the possessor knew about the condition of the VIN violated the due process rights of one charged with the offense.

Similarly, in *People v. Gramo* (1993), 251 Ill. App. 3d 958, 968, 623 N.E.2d 926, 933-34, this court upheld, over a due process challenge, section 5—5—3.2(b)(4)(ii) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(4)(ii)), which permitted consideration of the factor that the victim of an offense was 60 years of age or older in determining whether to impose an extended sentence even though the offender did not know the victim was at least 60 years old. The opinion cited *Brown.*

Defendant asserts that the lack of a *scienter* requirement in section 407(b)(2) of the Act rendered the indictment here, which was based on that section of the Act, void for vagueness. He points out that the Supreme Court of the United States has indicated that an express statement of the mental state or states required for each element of an offense aids the court in upholding the validity of the offense when the legislative provision creating the offense is challenged as being void for vagueness. (*Colautti v. Franklin* (1979), 439 U.S. 379, 395, 58 L. Ed. 2d 596, 609, 99 S. Ct. 675, 685; see also *United States v. National Dairy Products Corp.* (1963), 372 U.S. 29, 35, 9 L.

Ed. 2d 561, 567, 83 S. Ct. 594, 599.) Here, the language in section 407(d)(2) of the Act clearly indicates that enhancement takes place if the prohibited conduct is committed within a 1,000-foot radius of protected territory regardless of the defendant's knowledge.

Defendant's other two constitutional claims depend upon whether knowledge was a required element of section 407(b)(2) of the Act. As we hold knowledge was not required, we conclude that these arguments have no merit. Defendant contends the court's ruling denied his constitutional right to go free if he was not proved to be subject to enhancement beyond a reasonable doubt. As proof of *scienter* was not required, all enhancing factors were proved by overwhelming evidence. (*In re Winship* (1970), 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068.) Defendant similarly asserts that the court's denial of his offered evidence that he knew nothing of the presence of the scattered site nature of the two residence houses deprived him of his sixth amendment right to present a defense.

The major thrust of defendant's theory of the case is that proper statutory interpretation indicates that knowledge of the existence of the housing authority residences within 1,000 feet was a necessary element of enhancement. Defendant began by attempting an analogy to the decision in *People v. Hicks* (1987), 119 Ill. 2d 29, 34, 518 N.E.2d 148, 150. There, the supreme court held that statutory sentencing provisions which enhance the punishment for an offense are essential elements of the offense which must be proved beyond a reasonable doubt. Defendant then points out that section 4—3(a) of the Criminal Code of 1961 (Criminal Code) states:

> "A person is not guilty of an offense, other than an offense which involves absolute liability, unless, *with respect to each element described by the statute defining the offense,* he acts while having one of the mental states described in Sections 4—4 through 4—7." (Emphasis added.) 720 ILCS 5/4—3(a) (West 1992).

Defendant then points out that sections 4—3(a) and (b) of the Criminal Code have, at all significant times, stated as follows:

> "(a) A person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having one of the mental states described in Sections 4—4 through 4—7.

> (b) If the statute defining an offense prescribed a particular mental state with respect to the offense as a whole, without distinguishing among the elements thereof, the prescribed mental state applies to each such element. If the statute does not prescribe a particular mental state applicable to an element of an offense (other than an offense which involves absolute liability), any

mental state defined in Sections 4—4, 4—5 or 4—6 is applicable." Ill. Rev. Stat. 1991, ch. 38, pars. 4—3(a), (b).

Defendant maintains that, as under *Hicks,* all the elements of the enhancing offense must be alleged and proved beyond a reasonable doubt as they are essential elements of the offense, section 4—3(a) of the Criminal Code requires a mental state for each enhancing element of section 407(b)(2) of the Act. If a mental state was required in regard to the existence of a housing authority site within 1,000 yards, the mental state would have to be knowledge. Defendant also points out that if section 407(b)(2) of the Act provides no mental state, under section 4—3(b) of the Criminal Code the mental state of knowledge set forth in section 401(d) of the Code would apply to all elements of the enhancing offense of which defendant was convicted.

A strict reading of section 4—3(a) of the Criminal Code is contrary to defendant's position. Section 4—3(a) speaks of *scienter* being necessary for each element "described by the statute defining the offense." (Ill. Rev. Stat. 1991, ch. 38, par. 4—3(a).) Section 401(d) of the Act defined the offense of which defendant was convicted. For the same reason, the provision of section 4—3(b) of the Criminal Code, which speaks of the mental state set forth in the "statute defining an offense" as prevailing as to "each such element," refers to elements of the offense described in the defining statute. (Ill. Rev. Stat. 1991, ch. 38, par. 4—3(b).) Thus, these provisions have no relevance to the elements of the enhancing statute.

We recognize that the foregoing analysis is very technical but, in any event, we do not believe that the *Hicks* court, in putting the enhancing factors on the same level as those of the underlying offense as far as proof is concerned, necessarily intended to put those factors on the same level in regard to mental state requirements. The elements of the underlying offense inform the person charged that the conduct is a crime. Enhancing provisions concern consequences of the offense which make it more serious. This court faced this statutory problem before in *Gramo.* There, after concluding that the existence of an enhancing provision without a mental state did not present a constitutional problem, the court faced the statutory mental state requirements and stated as follows:

> "Requiring proof of defendant's knowledge of the victim's age would nullify much of the protection the legislature intended because a person's age may not be readily ascertainable. (See *People v. Jordan* (1981), 102 Ill. App. 3d 1136, 1139, 430 N.E.2d 389, 391.) The terrible impact of crimes upon the elderly remains the same regardless of whether the criminal knew the victim's age.

We wish to emphasize that we have absolutely no sympathy for defendant's complaint that he is being unjustly punished because he did not (and could not) have known the ages of his victims. Criminals must take their victims as they find them, infirmities and all. Once the legislature has determined that certain conduct is criminal, it need not require the State to prove a defendant's knowledge of a particular victim's infirmity before the criminal may suffer additional punishment because of that infirmity. (See *People v. Martin* (1983), 112 Ill. App. 3d 486, 499, 445 N.E.2d 795, 806 (defendants properly convicted of murder for beating victim with preexisting heart disease, thereby putting strain on his heart and causing his death, even though a victim without that heart disease would not have been killed by defendants' beating).) To be blunt, the answer to defendant's contention is for him not to commit a felony in the first place; then he need not worry about the possible application of unknown (he claims) aggravating factors that might increase his sentence." *Gramo*, 251 Ill. App. 3d at 968-69, 623 N.E.2d at 934.

In *Gramo*, the enhancing factor about which the accused was not required to have knowledge was the age of the victim which created a greater vulnerability. Here that factor was the proximity of a housing project where, under existing social conditions, the residents of the area are under a greater vulnerability to become users of controlled substances and the victims of those who do. We deem *Gramo* analogous here even though there the enhancement resulted from the enhancement provision of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(4)(ii)) and here it arises from the Act, which provided for both the underlying offense and the enhancing provision.

Defendant points out that in *People v. Gean* (1991), 143 Ill. 2d 281, 287, 573 N.E.2d 818, 821, the supreme court explained that the severity of the possible punishment that can be imposed is an important factor in determining whether an offense is an absolute liability offense. He cites language in *People v. Valley Steel Products Co.* (1978), 71 Ill. 2d 408, 425, 375 N.E.2d 1297, 1305, stating that "[i]t would be unthinkable to subject a person to a long term of imprisonment for an offense he might commit unknowingly." Again, that language concerns the mental state which creates the offense. Here the State was required to prove that defendant knew he was delivering cocaine. That conduct constituted a felony. The enhancing factor the State did not have to prove was that the defendant was aware of the proximity to public housing sites. That factor merely enhanced the offense to a more serious felony.

A number of decisions of State courts, consistent with our decision here, uphold statutory provisions enhancing penalties for illegal drug activities which take place within a prescribed distance of schools even though the perpetrators are unaware of the existence of the schools. (Annot., *Validity, Construction, and Application of State Statutes Prohibiting Sale or Possession of Controlled Substances Within Specified Distance of Schools*, 27 A.L.R.5th 593, 624-26 (1995).) In several of the cases the vagueness argument is negated. Annot., 27 A.L.R.5th 593, 626, 688-91 (1995).

We affirm the conviction and sentence.

Affirmed.

KNECHT, P.J., and COOK, J., concur.