FIRST DIVISION
June 2, 2008

No. 1-05-3785

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | No. 05 CR 5621 |
| | ) | |
| LEANDER WINFORD, | ) | Honorable |
| | ) | William G. Lacy, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Defendant Leander Winford was convicted of possessing cocaine and sentenced to six years in prison. He appeals, arguing the evidence at trial did not conform to the charging instrument. He also challenges the trial court's fee order. We affirm the conviction and modify the fee order.

The State charged defendant with two counts of possession with intent to deliver. The first count charged him with possessing between 1 and 15 grams of heroin with intent to deliver within 1,000 feet of a church. See 720 ILCS 570/401(c)(1), 407(b)(1) (West 2004). The second count--and the only count at issue on appeal--charged him with possessing between 1 and 15 grams of a "controlled substance, *to wit: cocaine,* in violation of [section 401(c)(1) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401(c)(1) (West 2004))]." (Emphasis added.)

Chicago police officer Joseph Dahl testified at defendant's bench trial. Dahl said that on January 31, 2005, he was performing surveillance when he saw defendant engaging in what he believed were drug transactions near 1312 South Keeler Avenue, in Chicago. Dahl arrested defendant and seized $40 from defendant's pocket. He then found eight clear plastic bags containing suspected heroin near a car parked about seven feet from where defendant was arrested. The parties stipulated that six of the eight bags tested positive for 1.1 grams of heroin.

Defendant moved for a directed verdict on count I, arguing the State failed to present evidence that the alleged transactions occurred within 1,000 feet of a church. The trial court granted the motion and dismissed count I of the indictment. Defendant did not present a case-in-chief on count II but argued in closing that the State failed to prove intent to deliver beyond a reasonable doubt. The trial court agreed with defendant and convicted him of the lesser included offense of simple possession under section 402(c) of the Act (720 ILCS 570/402(c) (West 2004) (making it unlawful to possess a controlled substance)). Defendant was sentenced to six years in prison.

Defendant argues for the first time on appeal that his conviction must be reversed because the State failed to prove he possessed cocaine, the controlled substance alleged in count II of the indictment. The State maintains that the reference to "cocaine" in the indictment was a scrivener's error and that defendant was sufficiently apprised that he was on trial for a heroin offense because the indictment cited the heroin statute, section 401(c)(1) of the Act. It is undisputed that the evidence at trial showed that defendant possessed only heroin.

Defendant cites People v. Durdin, 312 Ill. App. 3d 4, 726 N.E.2d 120 (2000). The

2

defendant there was charged and convicted of delivering cocaine within 1,000 feet of a school. Durdin, 312 Ill. App. 3d at 4-5. The defendant argued on appeal that his conviction must be reversed because there was no evidence that the transaction at issue involved cocaine. Durdin, 312 Ill. App. 3d at 5. Like this case, the parties stipulated to the presence only of heroin. Durdin, 312 Ill. App. 3d at 5. The Durdin court first looked at whether the evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt. Durdin, 312 Ill. App. 3d at 6-7. Citing People v. Brooks, 271 Ill. App. 3d 570, 575, 648 N.E.2d 626 (1995), the court held the State was required to prove that the defendant knew he was delivering cocaine and not some other controlled substance. Durdin, 312 Ill. App. 3d at 6-7. The court concluded that the State's failure to present evidence of cocaine possession required reversal of the defendant's conviction. Durdin, 312 Ill. App. 3d at 7.

The Durdin court then looked at whether the variance between the indictment--which charged delivery of cocaine--and the evidence at trial--which showed delivery of heroin--was material and prejudicial. Durdin, 312 Ill. App. 3d at 7, citing People v. Jones, 245 Ill. App. 3d 674, 677, 615 N.E.2d 373 (1993) ("a variance between the crime charged and the crime proved is not fatal to the conviction unless the variance is material and it misleads the accused in making [her] defense or exposes [her] to double jeopardy"). The court held the variance was material because the nature of the controlled substance is an essential element of the offense. Durdin, 312 Ill. App. 3d at 7. The court concluded: "we cannot say on this record that no actual prejudice or no realistic possibility of prejudicial uncertainty existed and therefore the variance here is fatal to the conviction." Durdin, 312 Ill. App. 3d at 7.

Durdin can be distinguished. Unlike Durdin, the sufficiency of the evidence is not at issue here. There was sufficient evidence here to prove defendant guilty of possessing heroin. The evidence conformed to the indictment insofar as the indictment charged defendant with violating section 401(c)(1) of the Act, which makes it unlawful to possess with intent to deliver "1 gram or more but less than 15 grams of any substance containing *heroin*, or an analog thereof." (Emphasis added.) 720 ILCS 570/401(c)(1) (West 2004). The problem here is that the indictment, while citing the statute applicable to heroin, went on to allege that defendant possessed between 1 and 15 grams of a "controlled substance, *to wit: cocaine*." (Emphasis added.) This created a variance between the allegations made in the indictment and the proof at trial.

The indictment was not challenged in the trial court. So our review is limited to deciding whether the "indictment apprised defendant of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." People v. Edmonds, 325 Ill. App. 3d 439, 443, 757 N.E.2d 619 (2001), citing People v. Thingvold, 145 Ill. 2d 441, 448, 584 N.E.2d 89 (1991) (setting out standard of review applicable where a defendant challenges the charging instrument for the first time on appeal); People v. Gilmore, 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460 (1976) (same). A variance between allegations in an indictment and proof at trial is fatal to a conviction if the variance is material and could mislead the accused in making his defense. People v. Collins, 214 Ill. 2d 206, 219, 824 N.E.2d 262 (2005). An indictment must, among other things, cite the statutory provision alleged to have been violated and set forth the nature and elements of

the offense charged. Collins, 214 Ill. 2d at 219; 725 ILCS 5/111-3(a) (West 2004). "[O]ther matters unnecessarily added may be regarded as surplusage." Collins, 214 Ill. 2d at 219.

The court in Durdin held the variance there was material because the nature of the controlled substance is an essential element of the charged offense. The court cited Brooks. The Brooks court *did not* hold that the nature of the controlled substance is a necessary element to possession with intent to deliver under section 401 of the Act. At issue there was whether an indictment that charges a defendant with violating section 407(b)(2) of the Act--making it a Class 1 felony to possess with intent to deliver a controlled substance within 1,000 feet of a school or public housing--must allege that the defendant *knew* he was within 1,000 feet of a school or public housing. Brooks, 271 Ill. App. 3d at 571-72. The court drew a distinction between the underlying offense of possessing with intent to deliver a controlled substance and the enhancing factor that comes in to play only where the offense is committed within 1,000 feet of a school or public housing. Brooks, 271 Ill. App. 3d at 575.

The underlying offense here is possession with intent to deliver a "controlled substance." 720 ILCS 570/401 (West 2004). There are three elements to this offense: "the defendant had knowledge of the presence of the narcotics, the narcotics were in the immediate possession or control of the defendant, and *** the defendant intended to deliver the narcotics." People v. Robinson, 167 Ill. 2d 397, 407, 657 N.E.2d 1020 (1995), citing 720 ILCS 570/401 (West 1992); People v. Pintos, 133 Ill. 2d 286, 291-92, 549 N.E.2d 344 (1989). The nature and amount of the controlled substance is relevant to the penalty that may be imposed. See 720 ILCS 570/401 (West 2004); see also People v. Echols, 282 Ill. App. 3d 185, 189, 668 N.E.2d 35 (1996); People

v. Cortez, 77 Ill. App. 3d 448, 451, 395 N.E.2d 1177 (1979); People v. James, 38 Ill. App. 3d 594, 596, 348 N.E.2d 295 (1976). For example, a person convicted of possessing less than one gram of a controlled substance is guilty of a Class 3 felony, which is punishable by two to five years' imprisonment. 720 ILCS 570/401(d); 730 ILCS 5/5-8-1(a)(6) (West 2004). But a person--like defendant here--who is charged with possessing with intent to deliver between 1 and 15 grams of heroin (or cocaine) faces a prison term ranging between 4 and 15 years. 720 ILCS 570/401(c)(1), (c)(2); 730 ILCS 5/5-8-1(a)(4) (West 2004).

Our holding does not eliminate the requirement that the nature of the controlled substance be pled in the indictment and proved at trial. See 725 ILCS 5/111-3(c-5) (West 2004); Apprendi v. New Jersey, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000). We merely hold that the nature of the controlled substance is not a material allegation for purposes of determining whether a variance is fatal to a defendant's conviction under section 401 of the Act. See People v. Arndt, 351 Ill. App. 3d 505, 518, 814 N.E.2d 980 (2004) (a variance is not material where the mistake did not affect an essential element of the offense); see also People v. Nathan, 282 Ill. App. 3d 608, 611, 668 N.E.2d 648 (1996) (when the essential elements of an offense are properly charged but the manner in which the offense is committed is incorrectly alleged, the error is one of form); People v. Avery, 16 Ill. App. 3d 986, 987-88, 307 N.E.2d 213 (1974) (errors in allegations that do not make up the necessary elements of the offense and are mere surplusage do not violate a defendant's right to be apprised of the nature of the charge against him).

We next consider whether the indictment's reference to cocaine misled defendant in

6

making his defense. See Collins, 214 Ill. 2d at 219 (a variance between allegations in an indictment and proof at trial is fatal to a conviction if the variance is material and could mislead the accused in making his defense). Our review is limited to the facts contained in the record. See People v. Allen, 222 Ill. 2d 340, 356-57, 856 N.E.2d 349 (2006) (it is improper for a court of review to speculate as to facts that do not appear in the record). The facts in the record here show that defendant believed he was on trial for a heroin offense. No mention of cocaine was made by either party at trial. Defendant's sole defense to count II of the indictment was that the State failed to prove his intent to deliver beyond a reasonable doubt. There is no indication from the record that defendant was misled by the indictment or surprised by the State's evidence. See People v. Cooper, 97 Ill. App. 3d 222, 225, 422 N.E.2d 885 (1981) (a typographical error in the charging instrument is not fatal to a defendant's murder conviction where "no hint of surprise or prejudice to defendant is shown"). Nor does defendant argue on appeal that he was misled or prejudiced.

We also find that the indictment and record are sufficient to bar future prosecution of the same offense. See Edmonds, 325 Ill. App. 3d at 443 (where indictment is challenged for the first time on appeal, review is limited to whether the indictment apprised the defendant of the offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct). The indictment cites section 401(c)(1) of the Act, which addresses heroin transactions, and states the necessary elements for possession. See People v. Holman, 157 Ill. App. 3d 764, 771, 510 N.E.2d 1139 (1987) (incorrect citation to statute in indictment would not subject the defendants to double

jeopardy). Also, the record leaves no doubt that defendant was prosecuted for heroin possession on the date and time specified in the indictment. See People v. Gilmore, 63 Ill. 2d 23, 30-31, 344 N.E.2d 456 (1976) (a prior prosecution of the same facts may be proved by resort to the record).

We note the concern in Durdin that a conviction on an improperly pled indictment may subject a defendant to a greater sentence than would otherwise apply. See Durdin, 312 Ill. App. 3d at 7-10. That concern is not present here. Possession with intent to deliver between 1 and 15 grams of heroin carries the same penalty as possession with intent to deliver the same quantity of cocaine. 720 ILCS 570/401(c)(1), (c)(2) (West 2004). Both are Class 1 felonies with a possible fine of up to $250,000. 720 ILCS 570/401(c) (West 2004). There is no material difference between the two offenses--certainly no difference that could result in prejudice to defendant. Also, defendant was not ultimately convicted of possession with intent to deliver. He was convicted of simple possession under section 402 of the Act. Unlike section 401, the possession statute does not differentiate between the nature of controlled substances when the quantity possessed is under 15 grams. 720 ILCS 570/402 (West 2004).

Defendant's conviction is affirmed.

We next address defendant's argument that the trial court erred in imposing certain fees associated with his conviction. The parties agree that $24 of the fee order was improperly assessed and that defendant should only be liable for $605 under section 411.2 of the Act (720 ILCS 570/411.2 (West 2004)) and sections 5-9-1.1(b) and 5-9-1.1(c) of the Unified Code of Corrections (730 ILCS 5/5-9-1.1(b), (c) (West 2004)).

The parties also agree that the trial court erred by not considering the $5-per-day credit

available to defendant under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2004) ("[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated")). Defendant spent 284 days in custody before sentencing, giving him an available credit of $1,420. The credit may be used toward the $500 fine imposed under section 411.2 of the Act and the $100 fine imposed under section 5-9-1.1(b) of the Unified Code of Corrections. See People v. Jones, 223 Ill. 2d 569, 592, 861 N.E.2d 967 (2006). The credit may not be used toward the $5 fee imposed under section 5-9-1.1(c) of the Unified Code of Corrections because that section specifies that the $5 fee "shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 730 ILCS 5/5-9-1.1(c) (West 2004).

Defendant's conviction for possession of a controlled substance and accompanying six-year sentence are affirmed. Under the authority prescribed to this court under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we modify the trial court fee order of November 9, 2005, to reflect $605 assessed against defendant. Defendant is given credit for $600 under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2004).

Affirmed; fines, fees and costs order modified.

WOLFSON and GARCIA, JJ., concur.