No. 3--08--0825

Filed July 8, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court
ILLINOIS, ) of the 10th Judicial Circuit,
) Peoria County, Illinois
    Plaintiff-Appellee, )
)
           v. ) No.  07--CF--678
)
EARL LEE MARSHALL, )
) Honorable Michael E. Brandt,
    Defendant-Appellant. ) Judge, Presiding.

JUSTICE SCHMIDT delivered the opinion of the court:

Defendant, Earl Lee Marshall, pled guilty to first degree murder. The circuit court of Peoria County sentenced him to 33 years' imprisonment and ordered him to pay a DNA analysis fee of $200. This is defendant's direct appeal in which he claims the order directing him to pay the $200 DNA fee should be vacated as the court was without authority to order him to submit a sample or pay the fee as his DNA was already on file.

FACTS

During the pendency of the case in the trial court, the State moved for an order directing defendant "to produce the buccal standard" for the purpose of DNA comparison analysis. A

hearing was held in which defense counsel informed the court that defendant's DNA was already on file with the Combined DNA Index System (CODIS). The State reiterated its request for a buccal sample and the court granted the State's motion.

Thereafter, defendant pled guilty to the charge of first degree murder in exchange for a sentence cap of 33 years' imprisonment. Following a sentencing hearing, the trial court ultimately sentenced defendant to that term of imprisonment and noted that there "is the judgment for costs and mandatory assessments of DNA fee and testing." The trial court's written sentencing order directed defendant to pay the $200 DNA assessment fee.

The day after the sentencing hearing, defendant filed a motion to withdraw guilty plea and a motion to reconsider sentence. The motion to withdraw his guilty plea alleged he was not properly advised of his rights and did not knowingly and voluntarily plead guilty. Later that same day, defendant filed an amended motion to reconsider that alleged his sentence was excessive as it was "the equivalent of a life sentence for the Defendant," the court erred in refusing to consider the mental history of the deceased and the court erred in refusing to admit defendant's exhibit.

Before a hearing could take place on defendant's motions, he filed a supplemental motion to withdraw his guilty plea, alleging he admitted killing the victim "out of fear of reprisal against

2

him or his family" by the actual killer.  A hearing on defendant's motions took place on October 9, 2008.  The trial court denied the motions.   Defendant appeals.

ANALYSIS

The sole issue raised on appeal by defendant is whether the trial court properly ordered him to pay the $200 DNA analysis fee.  Defendant argues that he can only be compelled to submit one DNA sample for the purpose of the database maintained by the Illinois State Police.  The record reflects that defendant was previously incarcerated in the Department of Corrections in January of 2002 until November of 2002.  He then returned to prison as a parole violator in August 2003.  On October 16, 2003, defendant was discharged from mandatory supervised release.

Section 5--4--3 of the Unified Code of Corrections (Unified Code) mandates that any person discharged from mandatory supervised release after August 22, 2002, submit a DNA sample prior to his or her final discharge or release.  730 ILCS 5/5--4--3 (West 2008).  As such, defendant argues there is evidence in the record to support his attorney's argument to the court that his DNA was already on file with the Illinois State Police at the time he was ordered to provide a sample in this matter and, therefore, the trial court was without authority to order him to pay the $200 fee associated with the DNA processing.  Defendant claims *People v. Evangelista*, 393 Ill. App. 3d 395, 912 N.E.2d 1242 (2009),

3

supports his contention.

The State responds by arguing that *Evangelista* was wrongly decided. The State notes that it wrongly confessed error in *Evangelista* (*Evangelista*, 393 Ill. App. 3d at 399) leading the court to incorrectly decide the issue "based on no authority whatsoever."

Moreover, the State claims defendant has waived this issue. Defendant failed to raise the issue in his motion to reconsider his sentence. Defendant acknowledges that generally a defendant forfeits on appeal any sentencing issues that he did not raise in the circuit court. *People v. Reed*, 177 Ill. 2d 389, 686 N.E.2d 584 (1997). Defendant claims, however, that the trial court was without statutory authorization to levy the $200 fee against him and, as such, its order doing so is void and can be attacked at any time. A sentence not authorized by statute is void and can be attacked at any time. *People v. Harris*, 319 Ill. App. 3d 534, 745 N.E.2d 717 (2001). However, as explained below, we find that section 5--4--3 of the Unified Code did authorize the trial court to order defendant to pay the $200 fee. As such, the court's order is not void, and we must honor defendant's procedural default. *People v. Hillier*, No. 108846 (June 4, 2010).

The issue raised by defendant is one of statutory interpretation, which is subject to *de novo* review. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 900 N.E.2d 1095

4

(2008). When interpreting a statute, our primary objective is to give effect to the intent of the legislature. *County of Du Page*, 231 Ill. 2d at 603-04. The most reliable indicator of such intent is the language of the statute itself, which is to be given its plain and ordinary meaning. *County of Du Page*, 231 Ill. 2d at 604.

Section 5--4--3 of the Unified Code (730 ILCS 5/5--4--3 (West 2008)) states that any person convicted of a qualifying offense is required to submit specimens of blood, saliva, or tissue to the Illinois State Police and "in addition to any other disposition, penalty, or fine imposed, shall pay an analysis fee of $200." 730 ILCS 5/5--4--3(j) (West 2008). Defendant does not dispute that first degree murder is a qualifying offense as contemplated by section 5--4--3 of the Unified Code. 730 ILCS 5/5--4--3(a)(1)(West 2008). Moreover, defendant acknowledges that subsection (j) uses mandatory language in noting that a defendant "shall" pay the fee. Defendant notes that in "light of these statutory requirements, it is understandable that the circuit court would think to order Marshall to submit a DNA specimen and pay the $200 analysis fee."

Nevertheless, defendant submits the court was without authority to order the fee, as doing so after defendant's DNA was already on file is outside the intent of the statute and would "serve no purpose." We disagree.

5

Nowhere in the statute did the legislature provide that a convicted felon should be excused from the statute's mandates if his DNA is already in the database, despite defendant's assertion that the language in the statute "indicates that a person's DNA should be collected only once." Acknowledging that it found "no case directly on point," the *Evangelista* court went on to find that once "a defendant has submitted a DNA sample, requiring additional samples would serve no purpose." *Evangelista*, 393 Ill. App. 3d at 399. The State did not contest the issue in *Evangelista* and the court came to this conclusion in one paragraph of analysis without discussing any language contained within the statute. *Evangelista*, 393 Ill. App. 3d at 399. A review of the language of the statute itself contradicts both defendant's and the *Evangelista* court's conclusions.

A subsection of the statute provides for the expungement of collected DNA from the database in instances of the reversal of a conviction or a pardon based upon successful claims of actual innocence. 730 ILCS 5/5--4--3(f-1) (West 2008). Taking defendant's argument to its logical conclusion, defendant's interpretation of the statute would allow the following sequence of events to occur: (1) defendant is convicted of a qualifying offense; (2) DNA sample is collected; (3) same defendant is convicted of a second qualifying offense but no DNA is allowed to be collected or fee assessed as DNA is already on file; (4)

6

defendant's first conviction is reversed; (5) DNA sample is expunged pursuant to section 5--4--3(f-1) (730 ILCS 5/5--4--3(f-1) (West 2008)); and, therefore, (6) defendant's DNA is not on file although he has a valid conviction for a qualifying offense. We do not believe this was the legislature's intent.

The legislature chose the phrase "shall pay an analysis fee of $200" without consideration as to whether or not an offender's DNA was already on file. 730 ILCS 5/5--4--3(j)(West 2008). Considering this language and the fact that the legislature put in place a process to expunge DNA from the database, we cannot agree with defendant's reading of the statute that a court lacks the authority to order a defendant to give DNA and pay the $200 analysis fee more than once. We decline to follow *Evangelista* to the extent it holds otherwise. We note that *Evangelista* did not find the order at issue void. In *Evangelista*, unlike here, there was no forfeiture issue. The State conceded error and the court agreed. Here, we find the issue forfeited.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and O'BRIEN, J., concur.

7