SECOND DIVISION

No. 1-09-0021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY GRAYER, | ) | Honorable |
| | ) | Jorge Luis Alonso, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

Following a bench trial, defendant Anthony Grayer was convicted of possession of a controlled substance (less than 15 grams of cocaine) and sentenced to four years' imprisonment with fines and fees. On appeal, he contends only that he was improperly assessed certain fines or fees: $30 for the Children's Advocacy Center (55 ILCS 5/5-1101(f-5) (West 2008)) and $200 for DNA analysis (730 ILCS 5/5-4-3(j) (West 2008)).

Defendant first contends, and the State concedes, that the $30 assessment for the Children's Advocacy Center violated the prohibition against ex post facto laws because the statutory

provision authorizing it was not in effect at the time of his 2007 offense.  Pub. Act 95-103, eff. January 1, 2008 (adding 55 ILCS 5/5-1101(f-5)).  We agree with the parties that this fine does not apply here.  People v. Jones, 397 Ill. App. 3d 651, 660-61 (2009); People v. Prince, 371 Ill. App. 3d 878, 880 (2007).

Defendant also contests his $200 assessment for DNA analysis pursuant to section 5-4-3 of the Unified Code of Corrections (730 ILCS 5/5-4-3 (West 2008)).  Section 5-4-3 provides that any person convicted or found guilty of a felony must submit DNA samples to the Department of State Police and pay an analysis fee of $200.  730 ILCS 5/5-4-3(a), (j) (West 2008).  Defendant contends that, because he provided DNA samples and was assessed the analysis fee under a prior conviction, he has satisfied the requirements of the statute.  In other words, he argues that section 5-4-3 requires only one submission of DNA samples and one assessment of the analysis fee so that the current $200 analysis fee is improperly duplicative.

The State responds that nothing in the record demonstrates that defendant previously submitted samples for DNA analysis or paid the analysis fee, but merely that defendant had a prior felony conviction.  The State notes that defendant has the burden of providing this court with a sufficiently complete record to support his claim of error and any doubts arising from the record's incompleteness must be resolved against him.  People v. Hunt, 234 Ill. 2d 49, 58 (2009).

The State is correct that the record does not show that defendant paid the analysis fee. However, the issue presented by defendant is whether the fee may be assessed more than once; that is, whether a defendant previously assessed the analysis fee upon a qualifying conviction or disposition may be assessed again upon a new qualifying conviction or disposition. The State has provided no authority for its proposition that defendant must show that he has paid the analysis fee. One provision of section 5-4-3 addresses payment of the fee:

> "If the analysis fee is not paid at the time
> of sentencing, the court shall establish a
> fee schedule by which the entire amount of
> the analysis fee shall be paid in full, such
> schedule not to exceed 24 months from the
> time of conviction. The inability to pay
> this analysis fee shall not be the sole
> ground to incarcerate the person." 730 ILCS
> 5/5-4-3(j) (West 2008).

However, paragraph (j) previously gave the court authority to "suspend payment of all or part of the fee if it finds that the person does not have the ability to pay the fee." Pub. Act 92-829, eff. August 22, 2002 (amending 730 ILCS 5/5-4-3(j)). The legislature was not enshrining payment of the analysis fee as a prerequisite to challenging it, but merely eliminating the authority to suspend the analysis fee and providing an alternate

method of accommodating a defendant's ability to pay. Moreover, the record shows that the analysis fee in the instant case was assessed routinely in the fines and fees order, with no indication that the State or the trial court was attempting to collect an unpaid fee from an earlier case.

The State also argues that defendant has not properly shown that he was assessed the analysis fee earlier. The record on appeal does not include either an order to provide a DNA sample or a fines and fees order from defendant's earlier felony conviction. However, in the appendix to his petition for rehearing, defendant has provided copies of the fines and fees orders from his earlier conviction and a document from the State Police showing that a DNA sample was received and analyzed pursuant to that conviction. The State correctly notes that defendant has not supplemented the record to include these documents. See Harshman v. DePhillips, 218 Ill. 2d 482, 488-89 (2006). However, it is axiomatic that this court takes judicial notice of the orders of the circuit court. See People v. Williams, 149 Ill. 2d 467, 492 (1992), quoting People v. Davis, 65 Ill. 2d 157, 164 (1976) (" 'an inflexible rule requiring formal proof of earlier court records only by authenticated or certified copies of those records' " is " 'incompatible with considerations of judicial economy and efficiency' "). The State does not contest the authenticity of the documents, and we accept them as what they appear to be.

In sum, we are faced squarely with a defendant ordered to give a DNA sample and pay the analysis fee after having given a DNA sample and being assessed the analysis fee in another case. We must therefore consider the merits of defendant's contention.

Section 5-4-3(a) provides that "[a]ny person *** convicted or found guilty of any offense classified as a felony under Illinois law *** shall, regardless of the sentence or disposition imposed, be required to submit specimens of blood, saliva, or tissue to the Illinois Department of State Police in accordance with the provisions of this Section."  730 ILCS 5/5-4-3(a) (West 2008).  Section 5-4-3(j) then provides that "[a]ny person required by subsection (a) to submit specimens of blood, saliva, or tissue to the Illinois Department of State Police for analysis and categorization into genetic marker grouping, in addition to any other disposition, penalty, or fine imposed, shall pay an analysis fee of $200."  730 ILCS 5/5-4-3(j) (West 2008).

The fundamental principle of statutory construction is to ascertain and give effect to the legislature's intent, of which the most reliable indicator is the language of the statute itself read as a whole and given its plain and ordinary meaning.  In re J.L., 236 Ill. 2d 329, 339 (2010).  A court may not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express.  J.L., 236 Ill. 2d at 339.  While a court should not construe a statute in a manner that would lead to consequences that are

absurd, inconvenient, or unjust (People v. Isunza, 396 Ill. App. 3d 127, 130 (2009)), the "possibility of an unjust or absurd result is generally not enough to avoid the application of a clearly worded statute." Petersen v. Wallach, 198 Ill. 2d 439, 447 (2002). The interpretation of a statute is a legal issue reviewed de novo. J.L., 236 Ill. 2d at 340.

This court has previously addressed the present contention: that taking a DNA sample and assessing the analysis fee in an earlier case bars a new assessment of the analysis fee. In People v. Evangelista, 393 Ill. App. 3d 395, 399 (2009), this court considered the challenge to the analysis fee in light of the State's concession of error. "Although we have found no case directly on point, the obvious purpose of the statute is to collect from a convicted defendant a DNA profile to be stored in a database. [Citation.] Once a defendant has submitted a DNA sample, requiring additional samples would serve no purpose." Evangelista, 393 Ill. App. 3d at 399. Agreeing with the parties, this court vacated the analysis fee.

In People v. Willis, No. 1-08-2609, slip op. at 22-23 (May 21, 2010), a defendant was raising a similar contention without a similar concession by the State. Quoting the portion of Evangelista quoted above, this court vacated the analysis fee. While it is understandable that the Willis court would rely upon an earlier decision on point, it did not acknowledge that the

- 6 -

<u>Evangelista</u> court was not subjecting the claim to an analysis of the merits but merely accepting a concession of error.

In <u>People v. Marshall</u>, No. 3-08-0825 (July 8, 2010), by contrast, this court noted that <u>Evangelista</u> was based on the State's concession of error and did not expressly analyze the language of section 5-4-3. When the <u>Marshall</u> court did so, it found that, "[n]owhere in the statute did the legislature provide that a convicted felon should be excused from the statute's mandates if his DNA is already in the database, despite defendant's assertion that the language in the statute 'indicates that a person's DNA should be collected only once.' " <u>Marshall</u>, slip op. at 6. This court affirmed the assessment of the analysis fee.

Here, defendant is correct that the "statute says nothing about requiring a fee each time a defendant is convicted of a felony in this State." However, we also agree with the <u>Marshall</u> court that nothing in the statutory language limits the taking of DNA samples or the assessment of the analysis fee to a single instance. A defendant convicted of a felony after having been previously convicted of a felony (or other offense qualifying under section 5-4-3) is, just as much as a person convicted of such an offense for the first time, a "person *** convicted or found guilty of any offense classified as a felony under Illinois law" who thus is "required to submit specimens of blood, saliva, or tissue" and, as a "person required by subsection (a) to submit

specimens of blood, saliva, or tissue *** shall pay an analysis fee of $200."  730 ILCS 5/5-4-3(a), (j) (West 2008).

A cursory examination of the Criminal Code reveals that our legislature is keenly aware of recidivism, with several offenses aggravated by prior convictions.  Despite this awareness and willingness to manifest it in statutes, the legislature did not address the issue of successive qualifying convictions in section 5-4-3, either by expressly authorizing or expressly excepting the taking of a second DNA sample or assessment of a second analysis fee upon a second qualifying conviction.

The statute expressly links assessment of the fee to the obligation to provide a DNA sample, a fact that would seem to favor defendant's argument that " 'additional [DNA] samples would serve no purpose.' "  Willis, slip op. at 22-23, quoting Evangelista, 393 Ill. App. 3d at 399.  However, we respectfully disagree with Evangelista and Willis.  We find no significant inconvenience, much less absurdity or injustice, in the State Police collecting a new DNA sample whenever a defendant is convicted of a felony or other qualifying offense.  We readily envision at least two reasonable bases for doing so: a need or desire to have fresh samples, and an ability to subject new samples to new methods of "collection, analysis, and categorization" that result from "continuing research and development of new techniques for analysis and genetic marker categorization."  730 ILCS 5/5-4-3(d-5), (k)(3)(D) (West 2008).

For the aforementioned reasons, we conclude that the DNA analysis fee may be assessed upon any qualifying conviction or disposition, whether or not it was previously assessed. Thus, assessment of the analysis fee in the instant case was proper.

Accordingly, we vacate the $30 fine for the Children's Advocacy Center and direct the clerk of the circuit court to correct the fines and fees order to reflect a total assessment of $630 against defendant. We affirm defendant's conviction in all other respects.

Affirmed in part and vacated in part; fines and fees corrected.

HOFFMAN and THEIS, J.J., concur.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

---

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ANTHONY GRAYER,

Defendant-Appellant.

---

No. 1-09-0021

Appellate Court of Illinois
First District, Second Division

August 24, 2010

---

JUSTICE KARNEZIS delivered the opinion of the court.

HOFFMAN and THEIS, J.J., concur.

---

Appeal from the Circuit Court of Cook County.

The Honorable Jorge Luis Alonso, Judge Presiding.

---

For APPELLANT, Michael J. Pelletier, State Appellate Defender (Patricia Unsinn, Deputy Defender, Katherine M. Donahoe, Assistant Appellate Defender, of counsel)

For APPELLEE, Anita Alvarez, State's Attorney of Cook County (Alan J. Spellberg, Mary P. Needham, Mikah Soliunas, Assistant State's Attorneys, of counsel)