NO. 4-09-0411     Filed 9/28/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ANTOINE T. UNANDER, | ) | No. 08CF948 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

_____

MODIFIED UPON DENIAL OF REHEARING

JUSTICE POPE delivered the opinion of the court:

In October 2008, defendant, Antoine T. Unander, pleaded guilty to residential burglary (720 ILCS 5/19-3 (West 2008)).  In January 2009, the trial court sentenced defendant to 15 years' imprisonment with 236 days' sentence credit and ordered him to pay all fines, fees, and costs.

Defendant appeals, arguing (1) the trial court erred in failing to apply defendant's presentence credit toward his $5 drug-court fee, (2) the $200 deoxyribonucleic-acid (DNA) assessment was improper, (3) the $10 Arrestee's Medical Costs Fund assessment was improper, and (4) the $20 Violent Crime Victims Assistance Fund assessment (VCVA) should be reduced to $4.  We affirm as modified and remand with directions.

I. BACKGROUND

On May 20, 2008, the State charged defendant by information with residential burglary.

On October 29, 2008, defendant pleaded guilty to

residential burglary.  In exchange for defendant's plea, the State agreed not to charge him with additional conduct contained in the police reports and to cap its sentencing recommendation at 15 years' imprisonment.

On January 9, 2009, the trial court sentenced defendant to 15 years' imprisonment, with 236 days' sentence credit.  The court also ordered the following:

"[Defendant] is to pay all fines, fees, and costs as authorized by statute.  He is to receive a credit of any fine that is to be imposed for time served although I don't believe there is any here.  If he has not already done so, he must submit a specimen of blood, saliva, or tissue to the Illinois Department of State Police in accordance with the statute for DNA sampling and then he would be required to pay a $200 genetic[-]marker[-]grouping[-]analysis fee."

The supplement to the record contains a certified copy of defendant's fines, fees, and costs and shows, inter alia, a $200 DNA assessment, a $5 drug-court fee, a $10 Arrestee's Medical Costs Fund fee, and a $20 VCVA fee.

On January 16, 2009, defendant pro se filed a motion to reconsider sentence.

On May 19, 2009, defendant's trial counsel filed an amended motion to reconsider sentence, which the trial court

- 2 -

denied.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues (1) the trial court erred in omitting time-served credit against defendant's $5 drug-court fee, (2) the $200 DNA-analysis fee was improper where it had already been assessed in three of his prior cases, (3) the $10 Arrestee's Medical Costs Fund assessment was improper where no medical costs were incurred as a result of defendant's arrest, and (4) once the $200 DNA-analysis fee is vacated, the $20 VCVA assessment should be reduced to $4.

### A. $5-Per-Day Credit

Defendant argues, and the State concedes, defendant should receive monetary credit for time spent in custody against the $5 drug-court fee imposed by the trial court pursuant to section 5-1101(f)(2) of the Counties Code (55 ILCS 5/5-1101(f)(2) (West 2008)).

Section 110-14(a) of the Code of Criminal Procedure of 1963 (Procedure Code) provides the following:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant."  725 ILCS 5/110-14(a) (West 2008).

- 3 -

In this case, it is undisputed defendant was incarcerated 236 days on a bailable offense. As a result, defendant has $1,180 in available credit against fines. The State concedes the $5 drug-court "fee" is actually a fine because the record does not show it was sought to reimburse the State for any cost incurred as a result of prosecuting defendant. We accept the State's concession and agree.

The central characteristic separating a fee from a fine is how the attributes of the charge are to be used. See People v. Paige, 378 Ill. App. 3d 95, 102, 880 N.E.2d 675, 682 (2007). "[A] 'charge is a fee if and only if it is intended to reimburse the state for some cost incurred in [the] defendant's prosecution. [Citations.]'" Paige, 378 Ill. App. 3d at 102, 880 N.E.2d at 682, quoting People v. Jones, 223 Ill. 2d 569, 600, 861 N.E.2d 967, 986 (2006). The revenue from the charges imposed under section 5-1101(f)(2) are intended to be used "for the operation and administration of the drug court" (55 ILCS 5/5-1101(f) (West 2008)) and not to reimburse the State for costs incurred as a result of prosecuting defendant, who was not transferred to drug court. As a result, the $5 assessment is a fine. Because the assessment is a fine, defendant is entitled to apply his $1,180 available credit toward that assessment.

### B. Analysis Fee

Defendant argues the $200 DNA-analysis fee (730 ILCS 5/5-4-3(j) (West 2008)) was improper because it had already been assessed in three of his prior cases. The State argues each time

- 4 -

a defendant is convicted of a felony he must pay the $200 assessment even where he has previously surrendered a DNA sample.

During defendant's January 2009 sentencing hearing, the trial court ordered the following:

> "If [defendant] has not already done so, he must submit a specimen of blood, saliva, or tissue to the Illinois Department of State Police in accordance with the statute for DNA sampling and then he would be required to pay a $200 genetic[-]marker[-]grouping[-]analysis fee." (Emphasis added.)

Defendant contends his presentence investigation report (PSI) shows he has previously been ordered to submit a DNA sample and to pay the $200 analysis fee in connection with three prior and unrelated felony cases.

In People v. Evangelista, 393 Ill. App. 3d 395, 912 N.E.2d 1242 (2009), the Second District found the $200 DNA-analysis fee was improper where the defendant had already provided a DNA sample in conjunction with one of his prior convictions. Evangelista, 393 Ill. App. 3d at 399, 912 N.E.2d at 1246. The court reasoned "the obvious purpose of the statute is to collect from a convicted defendant a DNA profile to be stored in a database." Evangelista, 393 Ill. App. 3d at 399, 912 N.E.2d at 1246. "Once a defendant has submitted a DNA sample, requiring additional samples would serve no purpose." Evangelista, 393 Ill. App. 3d at 399, 912 N.E.2d at 1246. As a result, the court

- 5 -

vacated the assessment.  <u>Evangelista</u>, 393 Ill. App. 3d at 402, 912 N.E.2d at 1248.

In this case, the trial court ordered defendant to submit a sample and to pay the fee <u>in</u> <u>the</u> <u>event</u> <u>he</u> <u>had</u> <u>not</u> <u>already</u> <u>done</u> <u>so</u>.  Defendant's PSI shows he has previously been ordered to do so.  The State argues <u>Evangelista</u> is distinguish-able from this case because the evidence clearly established the defendant there had previously provided a DNA sample.  See <u>Evangelista</u>, 393 Ill. App. 3d at 399, 912 N.E.2d at 1246.  We note the State's brief was filed on May 26, 2010.  Thereafter, defendant moved to supplement the record with evidence showing he submitted a DNA sample for analysis on October 10, 2003, in connection with a prior conviction.  On June 9, 2010, we allowed defendant's motion.

Section 5-4-3 of the Unified Code of Corrections (Unified Code) mandates all felons submit a DNA sample for profiling and entry into a computer database.  See 730 ILCS 5/5-4-3 (West 2008).  "Any person required *** to submit [a DNA sample] for analysis and categorization into genetic marker grouping *** shall pay an analysis fee of $200."  730 ILCS 5/5-4-3(j) (West 2008).

The statute requires an analysis fee in association with the collection of a DNA sample.  730 ILCS 5/5-4-3(j) (West 2008).  It mandates any person required to submit a DNA sample for analysis shall pay an analysis fee of $200.  730 ILCS 5/5-4-3(j) (West 2008).  If no analysis is to take place--because no

sample was ordered to be provided--then there can be no analysis fee.

We note the First District in People v. Grayer, No. 1-09-0021, slip op. at 7 (August 24, 2010), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___, recently held the $200 DNA-analysis fee may be assessed upon any felony conviction regardless of whether it was previously assessed. The Grayer court reasoned a person convicted of a subsequent felony is just as much a convicted felon and thus just as required to submit a DNA sample as a person convicted for the first time. Grayer, slip op. at 6, ___ Ill. App. 3d at ___, ___ N.E.2d at ___; see People v. Marshall, 402 Ill. App. 3d 1080, 1083, 931 N.E.2d 1271, 1273 (Third District) ("[n]owhere in the statute did the legislature provide that a convicted felon should be excused from the statute's mandates if his DNA is already in the database").

However, we find the instant case distinguishable. Here, the trial court stated if defendant had not already done so, he was to submit a DNA specimen and pay the $200 DNA-analysis fee. Because defendant had already done so, the court was not requiring him to submit a specimen or pay the fee. Because he was not required to submit the specimen, he was not required to pay the fee. Considering the plain language of the statute, the Second District's reasoning in Evangelista, and the trial court's conditional order of the DNA-analysis fee, we see no reason for the imposition of the DNA-analysis fee in this case. Accordingly, we vacate the $200 DNA-analysis fee.

C. Arrestee's Medical Charge

Defendant argues the trial court should not have imposed upon him a $10 Arrestee's Medical Costs Fund assessment. Specifically, defendant contends the fee's imposition was improper because the record does not show he suffered any injury during his arrest or that the county incurred any medical expenses while he was in jail. As a result, defendant maintains the $10 fee should be vacated.

The State argues all defendants convicted of criminal violations are required to pay the fee, even where the defendant did not suffer an injury or receive any medical services.

Section 17 of the County Jail Act (Act) (730 ILCS 125/17 (West 2006)) provides, in part, the following:

> "The county shall be entitled to a $10 fee for each conviction or order of supervision for a criminal violation, other than a petty offense or business offense. The fee shall be taxed as costs to be collected from the defendant, if possible, upon conviction or entry of an order of supervision. The fee shall not be considered a part of the fine for purposes of any reduction in the fine.
>
> All such fees collected shall be deposited by the county in a fund to be established and known as the Arrestee's Medical Costs Fund [(Fund)]. Moneys in the Fund

shall be used solely for reimbursement of costs for medical expenses relating to the arrestee while he or she is in the custody of the sheriff and administration of the Fund."

Defendant argues the plain language of the statute contemplates imposition of the fee against only those defendants who were injured in the course of their arrest and incurred expenses for medical treatment. However, the statute's plain language does not place conditions on the county's right to the fee. See Evangelista, 393 Ill. App. 3d at 400, 912 N.E.2d at 1247. Instead, section 17 of the Act contains an unqualified statement the county is entitled to $10 for each conviction other than a conviction for a petty offense or business offense. See Evangelista, 393 Ill. App. 3d at 400, 912 N.E.2d at 1246-47. The plain language of the statute does not indicate the collection of the fee is dependent upon the Fund's actual use for defendant's medical care. Evangelista, 393 Ill. App. 3d at 400, 912 N.E.2d at 1247. As a result, the county is entitled to $10 for each conviction and not just for each conviction of a defendant for whom the county has purchased medical treatment. Evangelista, 393 Ill. App. 3d at 400, 912 N.E.2d at 1247; see also People v. Jones, 397 Ill. App. 3d 651, 662, 921 N.E.2d 768, 776 (2009) (sixth division of the First District holding the plain language of the statute does not place any restrictions on a county's right to the $10 fee); but cf. People v. Cleveland, 393 Ill. App. 3d 700, 714, 913 N.E.2d 646, 658 (2009) (first division of the

First District vacating the $10 fee because the evidence did not show the defendant underwent medical treatment for injuries suffered during his arrest).

In addition, we note in Public Act 95-842, effective August 15, 2008, the legislature amended section 17 of the Act. Pub. Act 95-842, §5, eff. August 15, 2008 (2008 Ill. Laws 1450, 1450) (amending 730 ILCS 125/17 (West 2006)).  The amended version of the Act provides the following:

>      "All such fees collected shall be depos-
>      ited by the county in a fund to be estab-
>      lished and known as the County Jail Medical
>      Costs Fund [(Fund)].  Moneys in the Fund
>      shall be used solely for reimbursement to the
>      county of costs for medical expenses and
>      administration of the Fund."  730 ILCS 125/17
>      (West 2008).

The amended version replaces "reimbursement of costs for medical expenses relating to the arrestee while he or she is in the custody of the sheriff" with "reimbursement to the county of costs for medical expenses."  Pub. Act 95-842, §5, eff. August 15, 2008 (2008 Ill. Laws 1450, 1451).  In addition the amendment changes the title of the fund from the "Arrestee's Medical Costs Fund" to the "County Jail Medical Costs Fund."  Pub. Act 95-842, §5, eff. August 15, 2008 (2008 Ill. Laws 1450, 1451).

While we recognize the preamended version of the Act applies in this case (defendant's offense occurred May 7, 2008,

- 10 -

prior to the amendment's August 15, 2008, effective date), the amendment makes clear the legislature's intention that the fee be collected regardless of whether a defendant incurs any injury. Moreover, the amended language reinforces the reasoning in Evangelista, which was decided under the preamended verison. Accordingly, the trial court did not err in assessing defendant the $10 Arrestee's Medical Costs Fund fee.

Alternatively, defendant argues the $10 assessment is a fine and not a fee and as such should be offset by his $5-per-day credit under section 110-14(a) of the Procedure Code. See 725 ILCS 5/110-14(a) (West 2008).

However, whether the $10 assessment is a fine or fee makes no difference in this case because section 17 of the Act explicitly provides "[t]he fee shall not be considered a part of the fine for purposes of any reduction in the fine." 730 ILCS 125/17 (West 2008). Thus, defendant is not entitled to apply his $1,180 available credit against this particular fee. See People v. Elcock, 396 Ill. App. 3d 524, 540 n.2, 919 N.E.2d 984, 996 n.2 (2009) (Second District: "We note that the arrestee's medical costs fee is not covered by presentencing custody credit"); see also People v. Winford, 383 Ill. App. 3d 1, 7, 889 N.E.2d 1181, 1186 (2008) (First District, finding presentencing credit may not be used toward a $5 fee imposed under section 5-9-1.1(c) of the Unified Code (730 ILCS 5/5-9-1.1(c) (West 2004)) because that section specifies the $5 fee "'shall not be considered a part of the fine for purposes of any reduction in the fine for time

served either before or after sentencing'"), quoting 730 ILCS 5/5-9-1.1(c) (West 2004).

### D. $20 VCVA Assessment

Defendant argues the $20 VCVA fine should be reduced to $4. The State concedes remand is necessary. However, the State argues we should remand for the imposition of a $24 VCVA fine.

Pursuant to section 10(c)(2) of the Violent Crime Victims Assistance Act, the $20 VCVA assessment defendant received is to be imposed only where the defendant is convicted of a qualifying felony--in this case, residential burglary--and <u>no other</u> <u>fine</u> <u>is</u> <u>imposed</u>. See 725 ILCS 240/10(c)(2) (West 2008).

In this case, we have vacated the $200 DNA-analysis fee, leaving in place the $5 drug-court and $10 Arrestee's Medical Costs Fund assessments. As stated, the $5 drug-court assessment is a fine because the record does not show it was sought to reimburse the State for any costs incurred in defendant's prosecution. See <u>Paige</u>, 378 Ill. App. 3d at 102, 880 N.E.2d at 682.

Where another fine is imposed, section 10(b) of the Procedure Code requires "there shall be an additional penalty collected *** upon conviction *** of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008). In this case, the drug-court fine is $5. Accordingly, defendant's VCVA assessment should be modified to $4 because the remaining fine totals less than $40. See 725 ILCS 240/10(b) (West 2008).

## III. CONCLUSION

For the reasons stated, we vacate the $200 DNA-analysis fee and the $20 VCVA fine. We remand for the application of defendant's $1,180 available credit toward the $5 drug-court fee and a reduction of the VCVA assessment to $4. We otherwise affirm the trial court's judgment. Because the State successfully defended a portion of the criminal judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal. See People v. Smith, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985), citing People v. Nicholls, 71 Ill. 2d 166, 178, 374 N.E.2d 194, 199 (1978).

Affirmed as modified; cause remanded with directions.

McCULLOUGH, J., concurs.

MYERSCOUGH, P.J., specially concurs in part and dissents in part.

PRESIDING JUSTICE MYERSCOUGH, specially concurring in part and dissenting in part:

I respectfully specially concur in part and dissent in part. The $200 DNA-analysis fee is <u>mandatory</u> and should not have been made conditional by the trial court. I concur in the rest of the disposition but would, in keeping with <u>Grayer</u>, No. 1-09-0021, ___ Ill. App. 3d ___, ___ N.E.2d ___, assess the $200 DNA-analysis fee and require the additional testing.