# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Edgecombe*, 2011 IL App (1st) 092690

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. XAVIER EDGECOMBE, Petitioner-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1–09–2690 |
| Filed | June 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The sentences imposed on defendant following a jury's findings that defendant was guilty of first-degree murder and attempted first-degree murder, and that during the commission of first-degree murder, defendant personally discharged a firearm that proximately caused the victim's death were remanded for resentencing where the sentences were made to run cumulatively, rather than consecutively, and the sentencing order was unclear as to what weight in sentencing was given to the fact that defendant received convictions on multiple counts when he should have been sentenced on only one count of each offense; therefore, the cause was remanded for resentencing on one count of each offense, and the 25-year sentencing enhancement applied only to the first-degree murder conviction and not the attempted first-degree murder conviction. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 01–CR–27398; the Hon. Douglas J. Simpson, Judge, presiding. |
| Judgment | Remanded for resentencing. |

| | |
|---|---|
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Robert N. Markfield, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Kathleen Warnick, and Adam W. Delderfield, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE R. GORDON delivered the judgment of the court, with opinion. |
| | Presiding Justice Garcia and Justice McBride concurred in the judgement and opinion. |

**OPINION**

¶ 1    On January 21, 2005, defendant was found guilty by a jury of the first-degree murder of Jerome Anderson, of the attempted first-degree murder of Antwon Walker, and of the aggravated battery with a firearm of Antwon Walker. The jury also found that, during the commission of the first-degree murder, defendant personally discharged a firearm that proximately caused the death of Jerome Anderson.

¶ 2    On this postconviction appeal, both parties ask us to remand for resentencing and to decide the mandatory minimum cumulative sentence which defendant faces on resentencing. Defendant argues that the mandatory minimum cumulative sentence is 51 years. The minimum sentence for the first-degree murder is 45 years, which includes a 25-year enhancement for personally discharging a firearm. 730 ILCS 5/5–8–1(a)(1)(a) (West 2000) (20-year minimum for first-degree murder); 730 ILCS 5/5–8–1(a)(1)(d)(iii) (West 2000) (25-year enhancement). The minium sentence for attempted murder is six years. 720 ILCS 5/8–4(c)(1) (West 2000) (same as the sentence for a Class X felony); 730 ILCS 5/5–4.5–25 (West 2008) (the minimum sentence for a Class X felony is six years). With the two sentences running consecutively, defendant argues that the minimum cumulative sentence is 45 years plus 6 years, or 51 years.

¶ 3    The State argues that the minimum cumulative sentence is 76 years, which includes 45 years for the first-degree murder and 31 years for the attempted murder. The State calculates the attempted murder sentence at 31 years, because it includes a 25-year enhancement for personally discharging a firearm during the offense. 720 ILCS 5/8–4(c)(1)(D) (West 2000) (25-year enhancement for personally discharging a firearm during attempted murder). Thus the issue that the parties ask this court to decide is whether the enhancement applies to the attempted murder charge.

¶ 4    Although a special verdict form was submitted to the jury allowing it to find that defendant personally discharged a firearm during the first-degree murder, the State did not

request such a similar verdict form for the attempted murder charge. The State also did not ask at the original sentencing for imposition of the enhancement for the attempted murder, and the State did not raise the issue on direct appeal or in its original briefs on this postconviction appeal.

¶ 5    For the reasons stated below, we remand for resentencing on one count of first-degree murder and one count of attempted murder. We also hold that, while a 25-year enhancement for personally discharging a firearm applies to the first-degree murder conviction, it does not apply to the attempted murder conviction.

¶ 6                                   BACKGROUND

¶ 7    Since we already described the evidence at trial in our prior order on direct appeal, and since the facts established at trial do not affect our decision today, we incorporate by reference our prior order. *People v. Edgecombe*, No. 1–06–2571 (2008) (unpublished order under Supreme Court Rule 23).

¶ 8    At the conclusion of defendant's trial, the trial court held a jury instruction conference off the record. On the record, the trial court observed that the State had "submitted a packet" of proposed instructions, and the defense had no objections to "the existing jury instructions." The instructions included a special verdict form which asked the jury to find whether "the fact does exist that, during the commission of the offense, of First-Degree Murder the defendant personally discharged a firearm which proximately caused the death of Jerome Anderson." However, the instructions did not include a similar form with respect to the attempted murder of Antwon Walker.

¶ 9    As already noted above, defendant was found guilty on January 21, 2005, by a jury of the first-degree murder of Jerome Anderson, of the attempted first-degree murder of Antwon Walker, and of the aggravated battery with a firearm of Antwon Walker. The jury also found that, during the commission of the first-degree murder, defendant personally discharged a firearm that proximately caused the death of Jerome Anderson.

¶ 10   At the sentencing on February 16, 2005, the prosecutor brought to the court's attention the fact that defendant was subject to a 25-year enhancement for the first-degree murder, but he made no such statement with respect to the attempted murder. The trial court orally stated that, on counts I, II and III, which all charged the first-degree murder of Jerome Anderson, defendant was sentenced to 55 years of imprisonment. On counts X and XI, which both concerned the shooting of Antwon Walker, the trial court sentenced defendant to 25 years of imprisonment. The trial court also orally stated that the 25-year sentence was to run concurrently with the 55-year sentence. However, the mittimus did *not* direct the concurrent running of the 55-year sentence and the 25-year sentence.

¶ 11   Defendant filed a direct appeal; and on May 12, 2008, this court affirmed the judgment of the trial court. *Edgecombe*, order at 24. On May 18, 2009, defendant filed a *pro se* petition for postconviction relief. After the trial court dismissed his petition, this postconviction appeal was filed on September 10, 2009.

¶ 12   In defendant's original briefs on this postconviction appeal, defendant alleged that the trial court violated his right to a public trial by discussing a jury note in his absence. The

State conceded on appeal that defendant was, in fact, absent during the discussion of the jury note. Defendant also claimed that his appellate counsel was ineffective for failing to raise this issue on appeal.

¶ 13       The original briefs filed on this postconviction appeal reflected a confusion among the parties about whether the 55-year sentence for the murder of Jerome Anderson was to run concurrently or consecutively to the 25-year sentence for the shooting of Antwon Walker. Ironically, it was the State who stated that the sentences were to run concurrently and the defendant who stated that they were to run consecutively. In order to eliminate the apparent confusion and to clarify this important fact, this court ordered supplemental briefing about whether the mittimus should be corrected.

¶ 14       In the supplemental briefing, both parties agreed that, at the original sentencing, defendant *should* have been sentenced on only one count of first-degree murder and one count of attempted murder.[1] In addition, both parties agreed that, at the original sentencing, the sentences *should* have been ordered to run consecutively.[2]

¶ 15       In its supplemental brief, the State argued that the sentencing order was void and thus we should remand for resentencing. In his supplemental brief, defendant argued that the sentencing order was merely voidable and that we should correct the mittimus to conform to what the trial court orally ordered, namely, concurrent sentences. Defendant conceded that the only way we could reach this result was by holding that a prior Illinois Supreme Court decision was no longer good law. However, at oral argument, defendant also asked us to remand for resentencing.

¶ 16       In its supplemental brief and at oral argument, the State asked us to find that defendant was subject to the sentencing enhancement for personally discharging a firearm during the attempted murder of Antwon Walker. The State argued that we could hold that the enhancement still applied, despite the absence of a special verdict form, since the jury would have had to find that defendant personally discharged a firearm toward Antwon Walker in order to have found him guilty of the aggravated battery with a firearm of Antwon Walker. As we explain below, the State's argument overlooks the fact that the sentencing enhancement has additional elements.

¶ 17                                                    ANALYSIS

_____

[1]The State's supplemental brief stated that "[t]he People agree that petitioner killed one person, and that the aggravated battery with a firearm is based on the same act as petitioner's attempted murder conviction. This Court should therefore amend the mittimus to reflect only one count of intentional, first-degree murder and one count of attempted murder." Defendant's supplemental brief also asked us "to vacate Edgecombe's conviction and sentence for aggravated battery with a firearm."

[2]Defendant's supplemental brief stated: "Edgecombe concedes that, under the relevant statute and case law, the [trial] court's judgment in imposing concurrent, rather than consecutive terms, on Xavier Edgecombe, was erroneous."

¶ 18        On this postconviction appeal, the State asks us to remand for resentencing with instructions to the trial court to impose a 25-year sentencing enhancement for the attempted murder charge.

¶ 19        First, the State has forfeited this claim, many times over.[3] *People v. McKown*, 236 Ill. 2d 278, 308 (2010) (doctrine of forfeiture applies to the State as well as to the defendant); *People v. Williams*, 193 Ill. 2d 306, 347 (2000) ("The rules of waiver are applicable to the State as well as the defendant in criminal proceedings ***."); *People v. Henderson*, 142 Ill. 2d 258, 283 (1990); *People v. O'Neal*, 104 Ill. 2d 399, 407 (1984) ("The principle of waiver applies to the State as well as the defendant in a criminal case."). Although a special verdict form was submitted to the jury allowing it to find that defendant personally discharged a firearm during the first-degree murder, the State did not request such a verdict form for the attempted murder. The State also did not ask at the original sentencing for imposition of the enhancement for the attempted murder, and the State did not raise the issue during the posttrial motions or on direct appeal or in its original briefs on this postconviction appeal. Thus, the State has forfeited this claim several times.

¶ 20        Second, and most importantly, the elements required for aggravated battery with a firearm are not the same as the elements required for the sentencing enhancement.

¶ 21        During jury instructions, the trial court instructed the jury as follows concerning the elements of aggravated battery with a firearm:

> "To sustain the charge of aggravated battery with a firearm, the State must prove the following propositions:
>
> First Proposition: That the defendant intentionally caused *injury* to Antwon Walker; and
>
> Second Proposition: That the defendant did so by discharging a firearm.
>
> Third Proposition: That the defendant was not justified in using the force which he used." (Emphasis added.)

By contrast, the sentencing enhancement, which the State now seeks in its supplemental brief, provides:

> "[A]n attempt to commit first-degree murder during which the person personally discharged a firearm that proximately caused *great bodily harm, permanent disability, permanent disfigurement, or death* to another person, is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court." (Emphasis added.) 720 ILCS 5/8–4(c)(1)(D) (West 2000).

An "injury" is not the same as "great bodily harm, permanent disability, permanent disfigurement, or death." Thus, the elements for the aggravated battery charge and the elements for the sentencing enhancement are not the same.

----

[3]In criminal cases, the State may appeal only on limited grounds, and sentencing error is not one of them. Ill. S. Ct. R. 604(a) (eff. July 1, 2006). By holding that the State forfeited the issue here, we do not mean to suggest that this claim would have fallen within one of these grounds.

¶ 22    The elements of the attempted murder charge also do not supply the elements required for the sentencing enhancement. During jury instructions, the trial court instructed the jury about the elements of attempted murder, as follows:

> "To sustain the charge of attempt first-degree murder, the State must prove the following propositions:
>
> First Proposition: That the defendant performed an act which constituted a substantial step toward the killing of Antwon Walker; and
>
> Second Proposition: That the defendant did so with the intent to kill an individual;
>
> Third Proposition: That the defendant was not justified in using the force which he used."

The attempted murder charge required "a substantial step," but not necessarily an injury, and certainly not the extreme injury required by the sentencing enhancement. Thus, since the elements for the convicted charges are not the same as the elements for the sentencing enhancement, we do not find the State's argument persuasive.

¶ 23    The State cites in support one case: *People v. Hopkins*, 201 Ill. 2d 26 (2002). In *Hopkins*, prior to the effective date of the statute discussed above, a jury returned a verdict on an aggravated battery charge which included, as an element of the offense, the victim's age. *Hopkins*, 201 Ill. 2d at 39. Our supreme court held that the trial court could then rely on the victim's age as an aggravating factor when imposing an extended-term sentence for first-degree murder. *Hopkins*, 201 Ill. 2d at 39.

¶ 24    *Hopkins* is completely distinguishable from the case at bar. First, the conduct in *Hopkins* occurred after the effective date of the statute, quoted above. Second, in *Hopkins*, the precise element at issue was required for both the convicted offense and for the sentencing enhancement, namely, the victim's age. *Hopkins*, 201 Ill. 2d at 39. By contrast, in the case at bar, the convicted offense required only an injury, while the sentencing enhancement required "great bodily harm, permanent disability, permanent disfigurement, or death." 720 ILCS 5/8–4(c)(1)(D) (West 2000). Thus, the elements were not the same.

¶ 25    Third, the fact at issue was never submitted to the jury as an aggravating factor for this offense, as Illinois law requires. Illinois law provides that "[n]otwithstanding any other provision of law *** if an alleged fact (other than the fact of a prior conviction) is not an element of an offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, the alleged fact must be included in the charging instrument ***, submitted to a trier of fact *as an aggravating factor*, and proved beyond a reasonable doubt." (Emphasis added.) 725 ILCS 5/111–3(c–5) (West 2000).

¶ 26    The fact at issue–namely, personal discharge of a firearm–was not "submitted to a trier of fact *as an aggravating factor*" for attempted murder. (Emphasis added.) 725 ILCS 5/111–3(c–5) (West 2000). Both the jury instruction and the jury verdict form for attempted murder lacked any reference to the personal discharge of a firearm.

¶ 27    The State asks us to find that the fact was submitted to the jury when the jury was asked

to decide whether defendant committed aggravated battery with a firearm. However, the statute does not say simply "submitted to a trier of fact." The statute says, if the State seeks "to increase the range of penalties *for the offense*," the fact must be "submitted to a trier of fact *as an aggravating factor*." (Emphasis added.) 725 ILCS 5/111–3(c–5) (West 2000). The State is asking us to rewrite the statute, and this we cannot do.

¶ 28    There is good reason to leave the statute as written. By requiring that the fact be included "as an aggravating factor" for the specific offense, the statute requires the jury to consider the specific elements required for an aggravating factor for that offense. As we already explained above, the elements are not the same. In addition, the statute provides the benefit of placing defendant on notice prior to his closing argument and sentencing as to the exact potential sentencing range he is facing.

¶ 29    *Hopkins*, the case cited by the State, does not discuss or apply the language of the statute. The conduct at issue in *Hopkins* occurred in 1995, and the relevant portion of the statute, namely, subsection (c–5), did not take effect until February 23, 2001. As a result, *Hopkins* does not aid us in interpreting the statute's plain language.

¶ 30    For these reasons, we hold that, while a 25-year enhancement for personally discharging a firearm applies to the first-degree murder count, it does not apply to the attempted murder count.

¶ 31    Since a defendant has the right to file a direct appeal "from sentences entered on conviction," defendant may file a direct appeal after the entry of the new sentencing order, if he so chooses. 730 ILCS 5/5–5–4.1 (West 2008) ("The defendant has the right of appeal in all cases from sentences entered on conviction" in felony cases.); *People v. Lopez*, 129 Ill. App. 3d 488, 491 (1984) ("Final judgment in a criminal case is not entered until the imposition of the sentence. The final judgment in a criminal case is the sentence."). Our action today does not affect the claims that defendant made concerning the jury note. Since defendant may decide not to pursue these claims depending on the outcome of his resentencing, it is in the interest of judicial economy for us not to address these claims prematurely.

¶ 32    The State argues that the imposition of concurrent sentences for murder and attempted murder rendered the sentencing order void. The defendant concedes that, if we follow *People v. Arna*, 168 Ill. 2d 107 (1995), the sentences should run consecutively. However, the sentencing order is unclear. Also, since "we cannot determine what weight in sentencing was given by the trial court to the fact" that defendant received double the convictions that he should have, "defendant must be resentenced." *People v. Durdin*, 312 Ill. App. 3d 4, 10 (2000). For these reasons, we remand for resentencing. Since we agree with the parties that we must vacate defendant's sentence and remand for a new sentencing hearing, we need not decide whether the sentences were void.

¶ 33                                    CONCLUSION

¶ 34    For the foregoing reasons, we remand for resentencing on one count of first-degree murder and one count of attempted murder. We also hold that, while a 25-year enhancement for personally discharging a firearm applies to the first-degree murder, it does not apply to

the attempted murder.

¶ 35  Remanded for resentencing.